IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAGE A. HARKINS, | No. 4:24-CV-00072 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DAVID WAPINSKY, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

MARCH 5, 2024

Plaintiff Gage A. Harkins filed the instant *pro se* Section 1983[1] action, alleging constitutional violations by two Schuylkill County Prison officials. The Court will dismiss Harkins' complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief but will grant him leave to amend.

I.  STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3] This language closely tracks Federal Rule

---

[1]  42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).
[2]  *See* 28 U.S.C. § 1915A(a).
[3]  *Id.* § 1915A(b)(1).

of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9] Second, the court should distinguish well-

---

[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[8] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Harkins proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Harkins, is incarcerated.[14]

## II.   DISCUSSION

Harkins' form complaint is very brief.  He alleges that, beginning on May 28, 2023, he was "kept in a cell with 2 other inmates[] in an inhuma[ne] envir[on]ment for more than 30 days" with "no room to move."[15]  He does not elaborate on what—if any—"inhumane" conditions existed beyond being celled with two other prisoners, although he does state that there was "blood in the cell."[16]

---

[10]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12]   *Iqbal*, 556 U.S. at 681.
[13]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[15]   Doc. 1 at 4.  Harkins attempts to list the cell's dimensions but his handwriting is illegible.  *See id.*
[16]   *Id.* at 5.

As Harkins is a convicted and sentenced prisoner,[17] he appears to be asserting an Eighth Amendment conditions-of-confinement claim.

Harkins names two defendants: Warden David Wapinsky and Corrections Officer Matthew R. Donnelley.[18]  He requests "20-30 thousand" dollars in damages and appears to seek to enjoin any future triple celling.[19]

Upon review of Harkins' complaint, it is clear that he fails to state a claim upon which relief may be granted.  The Court will address Harkins' pleading deficiencies in turn.

### A.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[20]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[21]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[22]  Furthermore, it is

---

[17]  *See id.* at 2.
[18]  *See id.* at 2-3.
[19]  *See id.* at 5 (asking the Court to assure that "this will not keep happening").
[20]  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[21]  *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
[22]  *Id.* (quoting *Rode*, 845 F.2d at 1207).

equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[23]

Harkins' first pleading deficiency is his failure to allege personal involvement for each Defendant. Although he names two defendants (Wapinsky and Donnelley), he does not include any specific allegations of wrongdoing that would establish personal involvement by either Defendant in the purported constitutional violation. In other words, Harkins never pleads what each Defendant did or did not do. Harkins, however, must specify each Defendant's personal involvement in the alleged constitutional misconduct in order to state a Section 1983 claim. Accordingly, the Court must dismiss the Eighth Amendment claims against Wapinsky and Donnelley pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

### B. Eighth Amendment Conditions of Confinement

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[24] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment

---

[23] *See id.* at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

[24] *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, clothing, shelter, medical care, and reasonable safety[.]"[25]

To prevail on an Eighth Amendment conditions-of-confinement claim, a prisoner-plaintiff must plausibly allege both objective and subjective elements.[26] Objectively, the inmate must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[27] Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[28] Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[29] Deliberate indifference is a high bar and requires a plaintiff to show that the defendant "recklessly disregard[ed] a substantial risk of serious harm."[30]

Harkins' complaint fails at both elements. Alleging that he was triple celled for approximately 30 days does not, in itself, establish a constitutional violation.[31]

---

[25] *See Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted).
[26] *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015)
[27] *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).
[28] *Id.* (citing *Farmer*, 511 U.S. at 834).
[29] *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).
[30] *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) (citation omitted).
[31] *See, e.g., Hubbard v. Taylor*, 538 F.3d 229, 232-36 (3d Cir. 2008) (holding that triple celling pretrial detainees for three to seven months did not violate the Due Process Clause of the Fourteenth Amendment); *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) ("It is clear that double or triple celling of inmates is not *per se* unconstitutional."); *Camps v. Giorla*, 843 F. App'x 450, 452-53 (3d Cir. 2021) (nonprecedential) (triple celling pretrial detainees did not

Harkins does not allege facts regarding, for example, the conditions of the living space (besides that there was blood in the cell), the size of the living space (again, Harkins' handwriting is illegible), whether each inmate was provided with a mattress and other bedding, the amount of time spent in confinement each day, the opportunity for exercise and common area or "dayroom" usage, or whether the conditions resulted in any harm to him.[32]  Because triple celling is not *per se* unconstitutional, Harkins fails to state a sufficiently serious deprivation.

Harkins likewise fails to plead deliberate indifference by either Defendant. He does not allege that Wapinsky or Harkins was aware of the purportedly unconstitutional conditions of confinement, nor that either Defendant was deliberately indifferent to the conditions.  As noted above, Harkins does not provide *any* allegations of Defendants' personal involvement.  Thus, Harkins' failure to plausibly allege either element of an Eighth Amendment conditions-of-confinement claim is an additional reason that his complaint must be dismissed under Section 1915A(b)(1).

---

violate Fourteenth Amendment); *Parkell v. Morgan*, 682 F. App'x 155, 158 (3d Cir. 2017) (nonprecedential) (same); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (nonprecedential) (noting that triple celling is not *per se* unconstitutional and holding that triple bunking inmate, in the absence of other unconstitutional conditions, did not amount to an Eighth Amendment violation); *McCree v. Sherrod*, 408 F. App'x 990, 992-93 (7th Cir. 2011) (holding that triple celling does not "constitute cruel and unusual punishment per se").

[32]  *See Hubbard*, 538 F.3d at 233-34 (citing *Ferguson v. Cape Girardeau County*, 88 F.3d 647, 650 (8th Cir. 1996)).

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[33]  Harkins will be granted leave to amend in the event that he can plead facts that would plausibly state a conditions-of-confinement claim.

If Harkins chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth Harkins' Eighth Amendment claims in short, concise, and plain statements, and in sequentially numbered paragraphs.  Harkins must leave one-inch margins on all four sides of his pleading.[34]  He must also name proper defendants and *specify* the offending actions or omissions by a particular defendant.  This step is particularly critical for Harkins, as his initial complaint is devoid of allegations that demonstrate each Defendant's personal involvement in the purportedly unconstitutional conditions.  Harkins must also sign the amended complaint and indicate the nature of the relief sought.

---

[33]  *Grayson*, 293 F.3d at 114.
[34]  *See* LOCAL RULE OF COURT 5.1

If Harkins does not timely file an amended complaint, dismissal of his Eighth Amendment claims without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

## III. CONCLUSION

Based on the foregoing, the Court will dismiss Harkins' complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted. Harkins may file an amended complaint in accordance with this Memorandum. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge